UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BEVLYN ODIYE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DISTRICT DIRECTOR,<br><br>    Defendant. | Case No. 14-mc-80276-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 6 |

Before the Court is Defendant's Motion to Dismiss. ECF No. 6. Plaintiff Debbie Bevlyn Odiye has not opposed the motion. For the following reasons, the motion is GRANTED.

## I.  BACKGROUND

On September 30, 2014, Plaintiff Debbie Bevlyn Odiye filed a Petition to Correct Her Certificate of Naturalization. ECF No. 1. In her petition, Odiye requests that the Court correct her birth date on her Certificate of Naturalization. Id. at 3. She explains that when she became a citizen, she believed that her date of birth was March 3, 1957, but that she has since discovered that her date of birth is in fact March 3, 1953. Id. at 3-4. United States Citizenship and Immigration Services ("USCIS") denied her request to replace her Certificate of Naturalization on July 24, 2013. Odiye Decl. Ex. E, ECF No. 2-4 at 16. She seeks an order requiring USCIS to correct her Certificate of Naturalization to reflect her true date of birth. Id. at 7.

On October 2, 2014, the Court issued an order directing Odiye to serve a copy of her petition on USCIS. ECF No. 3. USCIS filed its motion to dismiss on November 21, 2014. ECF No. 6. USCIS argues that because the Court did not issue Odiye's naturalization certificate, the Court lacks jurisdiction to directly amend it. Id. at 6. To the extent that Odiye challenges USCIS's denial of her application to amend her naturalization certificate, USCIS argues that she

has failed to state a cognizable claim under the Administrative Procedure Act ("APA").  Id. at 12. Odiye did not file a response to the motion.  USCIS filed a reply on December 12, 2014.  ECF No. 8.

## II.   LEGAL STANDARD

### A.   Dismissal Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff always bears the burden of establishing subject matter jurisdiction.  Kokkonen, 511 U.S. at 377.

### B.   Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When deciding such a motion, the Court must accept all factual allegations in the petition as true.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction

In 1990, Congress transferred the authority to order certificates of naturalization from the judiciary to the executive branch, effective October 1, 1991.  See Immigration Act of 1990, Pub. L. No. 101-649 § 401(a), 104 Stat. 5046 (1990) (codified at 8 U.S.C. § 1421(a)) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General.").  Courts retain jurisdiction to amend judicial naturalization certificates issued before October 1, 1991.  See Fed. R. Civ. P. 60; Matter of Shrewsbury, 77 F.3d 490, No. 94-16736, 1996 WL 64988, at *1 (9th Cir. Feb. 12, 1996) (unpublished); McKenzie v. USCIS, Dist. Dir., 761 F.3d 1149, 1152, 1156 (10th Cir. 2014).  But no statute authorizes courts to amend naturalization certificates issued by the executive branch on or after October 1, 1991.  See McKenzie, 761 F.3d

1  at 1156 ("[W]hen Congress ended the jurisdiction of district courts to naturalize aliens, it

2  necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize,

3  including the power . . . to modify naturalization documents").

4        In her petition, Odiye contends that the Court has jurisdiction to amend her Certificate of

5  Naturalization, which was issued by USCIS on October 20, 2011,[1] pursuant to chapter eight of the

6  Code of Federal Regulations, sections 334.16 and 338.5. ECF No. 1 at 1, 4. Section 338.5, the

7  current regulation governing correction of naturalization certificates, states that "[i]f the certificate

8  was originally issued by USCIS (or its predecessor agency), and USCIS finds that a correction

9  was justified, the correction shall be made to the certificate." 8 C.F.R. § 338.5(c).

> The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name of birth at the time of the naturalization.

8 C.F.R. § 338.5(e). This regulation therefore provides no remedy for Odiye, as it specifically precludes relief for a person who discovers that the date of birth she provided at the time of her naturalization was incorrect.

      Section 334.16, which has been repealed, addressed applications "made to the court to amend a petition for naturalization after final action thereon has been taken by the court." 8 C.F.R. § 334.16(b). Odiye is correct that some district courts, citing 8 C.F.R. § 334.16(b), have ordered amendments to certificates of naturalization issued after October 1, 1991 upon a finding of an honest mistake by the petitioner seeking the amendment. ECF No. 1 at 2; see Binh Quang Le v. USCIS, Dist. Dir., No. 11-cv-01871-HRL, 2011 WL 3678909 (N.D. Cal. Aug. 22, 2011); Hussain v. USCIS, 541 F. Supp. 2d 1082, 1084-85 (D. Minn. 2008). Even following the repeal of 8 C.F.R. § 334.16(b), courts have held that this regulation granted jurisdiction to federal courts to order amendments to agency-issued certificates of naturalization as long as the petitions to amend

---

[1] The parties dispute whether Ms. Odiye was naturalized by USCIS on October 20, 2011 or by its predecessor agency, the Immigration and Naturalization Service (INS) on April 21, 1998. ECF No. 1 at 4; ECF No. 6 at 3; see Certificate of Naturalization, Odiye Decl. Ex. C, ECF No. 2-4 at 12. It is undisputed, however, that Ms. Odiye was naturalized after October 1, 1991.

non-clerical errors were filed before the effective date of § 334.16(b)'s repeal on November 28, 2011. See In re Weldeabzghi, No. 11-cv-03087-SRN/SER, 2013 WL 717755, at *6 (D. Minn. Feb. 27, 2013); Lashkariani v. USCIS, No. 11-cv-00733-ECR-WGC, 2012 WL 3615460, at *3 (D. Nev. Aug. 21, 2012). USCIS argues that these cases were wrongly decided because a regulation alone cannot establish jurisdiction. ECF No. 6 at 10-11; see also McKenzie, 761 F.3d at 1156-58 (concluding that § 334.16(b) "indisputably does not create a cause of action" and finding the reasoning in Binh Quang Le and Lashkariani unpersuasive).

The Court need not decide this question. Odiye filed her application to replace her Certificate of Naturalization with USCIS on November 23, 2012 and her petition in this Court on September 30, 2014, after § 334.16(b)'s repeal. ECF No. 1; Odiye Decl. Ex. E, ECF No. 2-4 at 16. Even assuming that this Court would have had jurisdiction to grant a petition to amend a Certificate of Naturalization filed prior to November 28, 2011, pursuant to 8 C.F.R. § 334.16(b), Odiye does not provide any argument in support of the proposition that this repealed regulation creates ongoing jurisdiction to amend non-clerical errors in naturalization certificates issued by USCIS. Indeed, her petition does not acknowledge that 8 C.F.R. § 334.16(b) has been repealed.

Accordingly, the Court concludes that it lacks subject matter jurisdiction to amend Odiye's Certificate of Naturalization.

### B.     Failure to State a Claim Under the Administrative Procedure Act

To the extent that Odiye does not ask the Court to directly amend her naturalization certificate but rather challenges USCIS's refusal to do so, USCIS argues that she has failed to state a claim that she is entitled to relief under the APA. ECF No. 6 at 12. The APA authorizes the Court to set aside agency actions that are "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court is "not empowered to substitute its judgment for that of the agency." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). Rather, the Court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Id.

The relevant regulations provide that an application for issuance of a corrected naturalization certificate may be filed "[w]henever a Certificate of Naturalization has been

delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate." 8 C.F.R. § 338.5(a). USCIS may correct a USCIS-issued certificate only if the correction is "justified." 8 C.F.R. § 338.5(c). As explained above,

> The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name of birth at the time of the naturalization.

8 C.F.R. § 338.5(e). Here, Odiye "agrees that 8 C.F.R. 338.5(e) limits USCIS to correction of clerical errors on Certificates of Naturalization" and "that the incorrect birth date on the Certificate is not the result of any clerical error by USCIS." ECF No. 1 at 2. Because Odiye does not allege that USCIS erred in its denial of her application for a new naturalization certificate and because she acknowledges that the agency acted in accordance with applicable regulations, she has not stated a claim that USCIS's action was "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law" in violation of the APA. 5 U.S.C. § 706(2)(A).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the petition is GRANTED.

**IT IS SO ORDERED.**

Dated: March 18, 2015



JON S. TIGAR
United States District Judge